UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Troy York,                                                    Case No. 3:13CV1335

                              Plaintiff,

              v.                                              MEMORANDUM
                                                              OPINION & ORDER


Lucas County, Ohio, et al.,

                              Defendants.


        Defendants Lucas County, Ohio, the Lucas County Board of Commissioners,

Deborah Gasser in her individual and official capacities as Director of the Lucas County

Work Release Program, the Lucas County Court of Common Pleas, fifteen unnamed nurses

and corrections officers, and fifteen unnamed policymakers have moved to dismiss Troy

York's civil rights complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  (Docket

No. 7).  York has filed a response and the defendants have filed a reply.  (Docket Nos. 9,

10).  For the reasons stated below, defendants' motion to dismiss York's federal civil rights

claims is granted except as to Gasser in her individual capacity and the thirty unnamed

defendants in their official and individual capacities.  The defendants' motion to dismiss

regarding York's state-law claims is held in abeyance pending adjudication of the remaining

42 U.S.C.  § 1983 claims.

1

## I.  Jurisdiction and Venue

This case was properly removed to this Court pursuant to 18 U.S.C. § 1441.  The case contains federal questions that are within the original jurisdiction of this Court under the provisions of 18 U.S.C. § 1331.  Therefore, I find that this Court has subject matter jurisdiction to resolve this issue.  Further, because the events that give rise to this claim occurred within this judicial district, I find that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and N.D. Ohio R. 3.8.

## II.  Standard of Review

Rule 12(b)(6) provides for dismissal of a lawsuit for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).  Courts must accept as true all of the factual allegations contained in the complaint when ruling on a motion to dismiss.  *Marais v. Chase Home Fin. LLC*, 736 F.3d 711, 713 (6th Cir. 2013); *Keys v. Humana, Inc.,* 684 F.3d 605, 608 (6th Cir. 2012).  To survive a motion to dismiss under Rule 12(b)(6), the plaintiff must plead each element of his claim with sufficient detail "to raise a right to relief above the speculative level, on assumption that all the allegations in the complaint are true."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted); *New Albany Tractor, Inc. v. Louisville Tractor, Inc.*, 650 F.3d 1046, 1051 (6th Cir. 2011).

Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice.  *Bell Atl. Corp.*, 550 U.S. at 555 (stating that the complaint must contain more than "a formulaic recitation of the elements of the cause of action").  A complaint must state sufficient facts, when accepted as true, to state a claim "that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully" and requires the complaint to

allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct).

In conjunction with this standard, I am cognizant that Federal Rule of Civil Procedure 8(a)(2) "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (*quoting Bell Atl. Corp.*, 550 U.S. at 555); *see also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295–96 (6th Cir. 2008). I "may consider the Complaint and any exhibits attached thereto, public records, items appearing in the record of the case and exhibits attached to defendant's motion to dismiss so long as they are referred to in the Complaint and are central to the claims contained therein." *Bassett v. NCAA*, 528 F.3d 426, 430 (6th Cir. 2008); *see also Erie Cnty., Ohio v. Morton Salt, Inc.*, 702 F.3d 860, 863 (6th Cir. 2012).

### III.  Background

York alleges that on January 31, 2013, through February 4, 2013, while in pretrial custody with the Lucas County Work Release Program, a program operated by the Lucas County Court of Common Pleas, he suffered serious medical ailments including vomiting and severe pain in the right side of his stomach and chest. (Docket No. 3, pp. 3–4). These symptoms continued to persist, under the observation of corrections officers, for four days until York was transferred from the work release program to the hospital. (Docket No. 3, pp. 4–5). There he was diagnosed with a ruptured appendix and peritonitis. (Docket No. 3, p. 5). York underwent operations and spent one month at the hospital. (Docket No. 3, p. 5). York currently suffers from severe medical complications, including a hole in his

stomach. (Docket No. 3, p. 5). York has incurred over $135,000.00 in medical expenses that he attributes to the defendants' failing to provide appropriate and immediate medical treatment. (Docket No. 3, p. 5).

York alleges that the defendants were deliberately indifferent in denying him appropriate and immediate medical treatment under the Eighth and Fourteenth Amendments. (Docket No. 3, pp. 8–9). York further alleges that all the defendants are liable to him under a state-law theory of negligence. (Docket No. 3, p. 10). Finally, York asserts a state-law claim of negligence by fifteen John and Jane Doe nurses employed at the Lucas County Work Release Program. (Docket No. 3, p. 11). York seeks over $2,000,000 in compensatory and punitive damages, as well as attorney fees and other expenses. (Docket No. 3, p. 11).

## IV. Analysis

Defendants contend that York has failed to state a claim upon which relief can be granted regarding all of his claims. (Docket No. 7, pp. 1–2). The defendants argue that Lucas County, the Lucas County Court of Common Pleas, as well as Deborah Gasser in her official capacity, cannot be sued under Federal Rule Civil Procedure 17(b)(3). (Docket No. 7, pp. 3–7). Additionally, defendants challenge the sufficiency of the pleadings regarding Lucas County and its Board of Commissioners on the grounds that they lack authority over the Lucas County Work Release program. (Docket No. 7, p. 7). Finally, regarding the state negligence claims, the defendants assert that all the defendants are entitled to immunity under Ohio Rev. Code Ann. § 2744.02. (Docket No. 7, p. 8).

4

**A. Capacity**

Prior to determining if York has pled sufficient facts to satisfy Rule 8(a)(2), or if any of the parties are entitled to immunity, I must determine which of the listed defendants have the capacity to be sued.  The issue of capacity is distinguishable from the cause of action or the affirmative defenses.  Capacity refers to the parties ability to appear before a court, whereas cause of action and affirmative defense refer to a party's right to relief under the facts.  Fed. R. Civ. P. 17(b)(3); *Firestone v. Galbreath*, 976 F.2d 279, 283 (6th Cir. 1992); *Coverdell v. Mid–South Farm Equip. Ass'n*, 335 F.2d 9, 12 (6th Cir. 1964).  Rule 17(b)(3) provides that the "[c]apacity to sue or be sued is determined . . . by the law of the state where the court is located . . . ."  Fed. R. Civ. P. 17(b)(3).  Therefore, I must turn to Ohio law to determine what parties have the capacity to be summoned before the Court.

**1.  Lucas County Court of Common Pleas**

As for the Court of Common Pleas, "[a]bsent express statutory authority, a court can neither sue nor be sued in its own right."  *State ex rel. Cleveland Mun. Court v. Cleveland City Council*, 296 N.E.2d 544, 546 (Ohio 1973); *see also Malone v. Court of Common Pleas*, 344 N.E.2d 126, 128 (Ohio 1976) (a court is not sui juris).  York contends that despite the court's incapacity to be subject to suit, it should be liable because it is performing an executive function in operating the Lucas County Work Release Program.  *See Forrester v. White*, 484 U.S. 219, 226–27 (1988) (absolute immunity is only applicable to acts within the judge's judicial role); *Pierson v. Ray*, 386 U.S. 547, 553–54 (1967).  This argument mistakes the issue of capacity with the affirmative defense of immunity.  Both *Pierson* and *Forester* involved challenges to the immunity of a judge rather than the capacity of the court itself.  *See Forrester*, 484 U.S. at 226–28*; Pierson*, 386 U.S. at 553–54.  Indeed, the court as an institution is

5

distinguishable from the officials that occupy the office in that a "court is defined to be a place in which justice is judicially administered. It is the exercise of judicial power, by the proper officer or officers, at a time and place appointed by law." *Todd v. United States*, 158 U.S. 278, 284 (1895). While court officials may sometimes engage in conduct that bars them from asserting immunity as an affirmative defense, the court, as an institution, does not have the capacity to be sued in the first instance. Accordingly, York's § 1983 claims against the Lucas County Court of Common Pleas are dismissed.

## 2.  Deborah Gasser

Defendants argue that Gasser, as supervisor of the Lucas County Work Release Program, may not be sued in her official capacity under Rule 17(b)(3). (Docket No. 7, 7–8). In "cases arising under § 1983 . . . a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents." *Brandon v. Holt*, 469 U.S. 464, 471 (1985). Here, the parties agree that Gasser is an agent of the Lucas County Work Release Program, and that program is operated by the Lucas County Court of Common Pleas. (Docket No. 3, p. 3 and Docket No. 7, pp. 7–8). Accordingly, a suit against Gasser in her official capacity is functionally equivalent to a suit against the Court of Common Pleas. *Brandon*, 469 U.S. at 471; *see also Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that because individuals sued in their official capacities stand in the shoes of the entity they represent, the only true defendant is the government entity that employed the individual).

For the aforementioned reasons, the Court of Common Pleas lacks capacity to be sued. *See Malone*, 344 N.E.2d at 128; *Cleveland Mun. Court*, 296 N.E.2d at 546. Further, a suit against the employees of the Court of Common Pleas in their official capacities is the functional equivalent to a suit against the court itself. *See Brandon*, 469 U.S. at 471; *Alkire*,

330 F.3d at 810. Therefore, because the Court of Common Pleas cannot be sued, York is also barred from suing its employees in their official capacities. Defendants do, however, acknowledge the sufficiency of York's § 1983 claim regarding Gasser in her individual capacity. (Docket No. 7, p. 8). Indeed, York is not precluded from asserting a claim against Gasser in her individual capacity. *Hafer v. Melo*, 502 U.S. 21, 27–28 (1991) (although government officials may lack capacity to be sued in their official capacities, they may still be personally liable). Accordingly, York's § 1983 claim against Gasser in her individual capacity survives. York's § 1983 claims against Gasser in her official capacity, however, are dismissed.

### 3. Lucas County

The defendants further assert that Lucas County, like the Court of Common Pleas, is an entity which cannot be sued under Rule 17(b)(3). (Docket No. 7, pp. 5–6). In the alternative, the defendants argue that the doctrine of sovereign immunity will bar York's claims against the county. (Docket No. 10, p. 4). While "[t]he bar of the Eleventh Amendment to suit in federal courts extends to States and state officials in appropriate circumstances . . . [it] does not extend to the counties and similar municipal corporations." *Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 280 (1977); *see also Town of Smyrna, Tenn. v. Mun. Gas Auth. of Ga.*, 723 F.3d 640, 650 (6th Cir. 2013) ("whether an entity qualifies [for Eleventh Amendment immunity] is a question of federal law"); *S.J. v. Hamilton Cnty.*, 374 F.3d 416, 420 (6th Cir. 2004). The question then becomes whether the county is a municipal corporation or an arm of the state. *Love v. Hamilton Cnty. Dep't of Job & Family Servs.*, 610 F.3d 321, 324–25 (6th Cir. 2010).

7

In *Lowe*, the Sixth Circuit held that the Hamilton County Department of Job and Family Services was a political subdivision, rather than an arm of the state, and thus not entitled to Eleventh Amendment protections. *Id.* at 332. There, the court expressly identified counties as political subdivisions stating, "[c]ounties are quintessentially local bodies, not entitled to state sovereign immunity almost by definition." *Id.* at 330; *see also S.J.*, 374 F.3d at 420 (denying immunity to Hamilton County for a civil rights claim).

Eleventh Amendment immunity has no application to York's federal civil rights claim against Lucas County. Although Ohio law may declare otherwise, for Eleventh Amendment purposes, a county is a political subdivision not entitled to Eleventh Amendment immunity. *Lowe*, 610 F.3d at 330. Accordingly, neither Rule 17(b)(3), the Eleventh Amendment, nor Ohio's sovereign immunity statutes preclude York from asserting a federal civil rights claim against Lucas County.

### B. Sufficiency of the Pleadings

Defendants argue that York has failed to plead sufficient facts to survive a Rule 12(b)(6) motion against all of the defendants. (Docket No. 7, p. 2). The sufficiency of the pleadings is determined in light of the plausibility standard articulated in *Twombly* and *Iqbal*. *Ashcroft*, 556 U.S. at 678; *Bell Atl. Corp.*, 550 U.S. at 557. Under the plausibility standard, litigants must plead sufficient facts that suggest the defendant's liability. *Bell Atl. Corp.*, 550 U.S. at 557. While the threshold test for probability is relatively low, the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555. In order to determine whether a complaint is facially plausible I must first disperse of simple legal conclusions, or "[t]hreadbare recitals of the elements of a cause of action, [that are] supported by mere conclusory statements." *Ashcroft*, 556 U.S. at 678. Second, I must

8

examine the remaining allegations to determine if the facts, taken as true, "plausibly give rise to an entitlement to relief."  *Id.* at 679.

After dispersing with the complaint's legal conclusions, York's factual allegations against Lucas County and the Lucas County Board of Commissioners are as follows:  (1) they "witnessed, knew [or] should have known" of York's condition; (2) they failed to provide appropriate medical relief; (3) they failed to establish adequate procedures; and (4) they failed to adequately train staff.  (Docket No. 3, pp. 5–7).  York has sued Lucas County and the Lucas County Board of Commissioners only in their official capacities.  (Docket No. 3, p. 3).  As noted above, "individuals sued in their official capacities stand in the shoes of the entity they represent."  *Alkire*, 330 F.3d at 810; *see also Kentucky v. Graham*, 473 U.S. 159, 165–66 (1985); *Brandon*, 469 U.S. at 471.  Accordingly, Lucas County and its Board of Commissioners will be treated as equivalent.

York has alleged Lucas County, as well as its Board of Commissioners, have violated his Constitutional rights.  (Docket No. 3, pp. 8–9).  Section 1983 prevents any person "under color of any statute, ordinance, regulation, custom, or usage," from depriving another of any rights secured by the Constitution.  42 U.S.C. § 1983.  While  § 1983 provides for recovery based on a local government's custom or usage, the statute anticipates that only upon the affirmative execution of a policy or custom may a litigant recover.  *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691–94 (1978).  Municipalities face policy-based liability under § 1983 only if a plaintiff demonstrates "that, through its *deliberate* conduct, the municipality was the 'moving force' behind the injury alleged."  *Board of Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997) (emphasis in original).  Where, as here, a plaintiff points to a municipal policy of inaction as the municipality's "deliberate conduct," the plaintiff must show that the

municipality's failure to act constitutes "deliberate indifference" to the plaintiff's constitutional rights, *see id.* at 407, and "directly caused" the plaintiff's injury.  *See id.* at 415. "A showing of simple or even heightened negligence will not suffice."  *Id.* at 407.  With limited exceptions, deliberate indifference must be established with evidence that the municipality ignored a pattern of similar constitutional violations.  *See id.* at 407–09.

Under the Supreme Court's decision in *Brown*, York's theory of municipal liability fails for two reasons.  First, York failed to allege a pattern of similar constitutional violations and fails to establish his case falls into an exception to this rule.  *Id.*  Second, York has failed to allege the County and the Board of Commissioners knew of or owed a duty to York, so as to make their indifference deliberate.  *Id.*  York fails to plead any facts that suggest the County or its Board of Commissioners participated in any misfeasance, owed any affirmative duty, or perpetuated a custom or usage that resulted in York's injury.  Therefore, York's § 1983 claim against Lucas County and its Board of Commissioners is dismissed.

## C.  Fifteen John and Jane Doe Nurses and Corrections Officers and Fifteen John and Jane Doe Policymakers

The defendants have not asked me to dismiss York's federal claims against the thirty unnamed defendants in either there official or individual capacities.  Further, at this time, it would be both premature and speculative to rule on such a motion.  Accordingly, York's federal claims against the fifteen John and Jane Doe nurses and corrections officers, as well as his federal claims against the fifteen John and Jane Doe policymakers in both their individual and official capacities, survive.

10

### D. State Law Claims

York raises state-law claims of negligence against all of the defendants. (Docket No. 3 pp. 9–11). Twenty-eight U.S.C. § 1367(c)(3) allows me to decline to exercise supplemental jurisdiction over state-law claims if I have "dismissed all claims over which [the court] has original jurisdiction . . . ." I have dismissed all of York's federal claims except those against Deborah Gasser in her individually capacity and the thirty unnamed defendants in their official and individual capacities. It would be premature to decide at this time whether I will exercise supplemental jurisdiction over York's remaining state-law claims. Accordingly, I will hold in abeyance a ruling on the defendants' motion to dismiss York's state-law claims pending adjudication of York's remaining federal claims.

### V. Conclusion

For the reasons stated above, defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted regarding York's § 1983 claims, except as against Deborah Gasser in her individual capacity, the fifteen unnamed nurses and corrections officers, and the fifteen unnamed policymakers, all in their individual and official capacities. Defendants' motion to dismiss York's state law claims is held in abeyance.

So Ordered.

s/Jeffrey J. Helmick
United States District Judge
