IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Troy York,

                Plaintiff,              Case No. 3:13 CV 1335

  v.

                                  ORDER

Lucas County, Ohio, et al.,

                Defendants.

       On February 6, 2014, I issued an order granting in part, and denying in part, the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). On February 19, 2014, Troy York moved for reconsideration of this order. (Doc. Nos. 13 & 14). The defendants have filed a response (Doc. No. 16) and York has filed a reply. (Doc. No. 17).

       In his motion for reconsideration, York states he pleaded sufficient facts to establish that Lucas County and the Lucas County Board of Commissioners were liable for their alleged misconduct. As my colleague Judge Katz has noted, motions for reconsideration are "not designed to give an unhappy litigant an opportunity to relitigate matters already decided; nor is it a substitute for appeal." *Holcomb v. Wilson*, No. 5:05 CV 803, 2008 WL 2796584, at *1 (N.D. Ohio July 18, 2008).

       York does not argue that there has been an intervening change in the law. Nor does he suggest new evidence has become available to him which would require a different result. Rather, the arguments York gives in his motion for reconsideration are simply a disagreement with my decision. Previously cited arguments are insufficient. *Id.* "A motion predicated on such a tenuous legal basis is a waste of judicial resources. Neither the passage of time, during which the legal landscape did not change, nor a different spin on the same arguments, is a proper basis for a motion for reconsideration." *Id.* York has already had an opportunity to present his arguments and, at the appropriate time, may seek appellate

review of his unavailing arguments. *Id.*; *see Todd Shipyards v. Auto Transp.*, 763 F.2d 745, 750 (5th Cir. 1985). As one court has stated, the mere dissatisfaction with a court's ruling is an inappropriate and insufficient ground to support a motion for reconsideration:

> As the above standards indicate, . . . these motions should not be filed as a matter of routine by the party who has been adversely impacted by a court's ruling. [. . .] This Court, just like all other courts, works diligently and strives carefully to issue its best opinion while deciding any motion. Unless the parties can convince this Court that the standards described above have been met (i.e., to correct "manifest errors of law or to present newly discovered evidence"), this Court strongly believes that the parties ['] energies can be better served by pursing their rearguments at the proper time on appeal. Filing a motion to reconsider should not be a 'Pavlovian Response' to an adverse ruling.

*Meekison v. Ohio Dep't of Rehab. & Corr.*, 181 F.R.D. 571, 572 (S.D. Ohio 1998). My opinion provides an adequate and sufficient explanation as to why Troy's arguments are not entitled to further reconsideration. The motion for reconsideration is denied.

So Ordered.

s/Jeffrey J. Helmick
United States District Judge