UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Troy York,  Case No. 3:13 cv 1335

    Plaintiff

  v.  MEMORANDUM OPINION
 AND ORDER

Lucas County, Ohio, et al.,

    Defendants

**BRIEF BACKGROUND**

This case was commenced in state court and removed by Defendants in June 2013. The Defendants promptly filed a motion to dismiss which was granted in part, and held in abeyance, in part, in February 2014. Plaintiff sought reconsideration of that ruling and the same was denied in March 2014. Plaintiff then sought a motion for default judgment as Defendants had not yet filed an answer. I denied the motion for default in April 2014 and granted Defendants leave to file their answer upon receipt of the Order. The next day Defendants filed their answer.

This matter is now before me on Plaintiff's motion for summary judgment regarding Defendants' statute of limitations defense and his motion for sanctions under Fed. R. Civ. P. 11. Also before me are Defendants' opposition and Plaintiff's reply thereto. This Court has jurisdiction pursuant to 28 U.S.C. § 1331. For the reasons that follow, Plaintiff's motion is denied.

**DISCUSSION**

One of the affirmative defenses asserted by Defendants states that "Plaintiff's amended complaint is barred by the applicable statute(s) of limitations and/or statutory period." (Doc. No. 26 at ¶ 41). Plaintiff's objection to this affirmative defense appears to be based upon the refusal to immediately withdraw this affirmative defense:

> The undersigned repeatedly requested opposing counsel to dismiss the statute of limitations defense based upon the obvious timely filing of the original and amended complaint. Opposing counsel's response was he most likely would not be pursing this affirmative defense during the course of the litigation.

(Doc. No. 27 at p.3).

For these reasons, Plaintiff moves for summary judgment on this affirmative defense and seeks sanctions under Rule 11.

The Defendants position can be summed up as follows: "[T]he defendants have agreed to withdraw this defense after discovery if there are no facts to support it." (Doc. No. 28 at p. 1).

According to the docket, discovery is set to close on September 2, 2014, and presumably the parties are engaged in the pursuit of discovery. As noted by Fed. R. Civ. P. 12(b), "Every defense to a claim for relief in any pleading must be asserted in the response pleading if one is required." Stated differently, "Rule 12(b) objections will be lost, however, if the defendant omits them from the . . responsive pleading." 2 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE §12.02[1] (3d ed. 2014).

In this instance, the Defendants are not opposed to withdrawing the affirmative defense once they confirm, through discovery, there is no factual basis to support their position. As advocates for their clients and as responsible attorneys they are required to carry out that due diligence. As officers of the Court, defense counsel's affirmation of their intent to dismiss this

affirmative defense upon completion of their due diligence is sufficient to render the present motion by Plaintiff as premature. *See e.g., Tomason v. Stanley*, 297 F.R.D. 541, 545 (S.D. Ga. 2014) ("courts are reticent to strike a marginal defense as legally insufficient without allowing defendants some benefit of discovery to develop that defense").

## CONCLUSION

Accordingly, Plaintiff's motion for summary judgment and for sanctions (Doc. No. 27) is denied as premature.

So Ordered.

s/ Jeffrey J. Helmick<br>
United States District Judge