UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Troy York,                                                    Case No. 3:13 cv 1335

            Plaintiff

      v.                                                    MEMORANDUM OPINION
                                     AND ORDER

Lucas County, Ohio, et al.,

            Defendants

This matter is before me on Plaintiff's motion for substitution (Doc. No. 43), Defendants'
opposition (Doc. No. 46), Plaintiff's reply (Doc. No. 47), Plaintiff's proposed second amended
complaint (Doc. No. 53), Defendants' supplemental memorandum in opposition (Doc. No. 55), and
Plaintiff's reply to Defendants' supplemental memorandum (Doc. No. 56).  This Court has
jurisdiction pursuant to 28 U.S.C. § 1331.

For the reasons that follow, Plaintiff's motion is granted in part and denied in part.

## I. APPLICABLE LEGAL STANDARDS

The Plaintiff seeks leave to amend his complaint under Fed. R Civ. P. 15.  The Defendants
contend that Rule 16 governs the analysis of an amendment at this stage of the litigation. Before
engaging in an analysis under those rules, I find a review of the applicable legal standards is in order.

The purpose behind Rule 15 is to facilitate amendment of pleadings and presentation of
supplemental materials.  Rule 15(a)(1) allows pleadings to be amended as a matter of course.
Thereafter, other amendments are allowed by stipulation or with leave of court under Rule 15(a)(2).
Amendments sought during or after trial, to conform the pleadings to the evidence, are addressed by

Rule 15(b).  An amendment after the statute of limitations has run is considered under Rule 15(c ).  Lastly, Rule 15(d) contemplates supplemental pleadings when appropriate.

After the period to amend as a matter of course has run, "[i]n all other cases, a party may amend its pleading only with the opposing party's written consent or the court's leave.  The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).  "In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962); *see also Head v. Jellico Hous. Auth.*, 870 F.2d 1117, 1123 (6th Cir. 1989).  "Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Hageman v. Signal L. P. Gas, Inc.*, 486 F.2d 479, 484 (6th Cir. 1973).

Under Rule 16(b), a district court must issue a scheduling order limiting, *inter alia*, the time to amend the pleadings.  Fed. R. Civ. Pro. 16(b)(3).  The scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. Pro. 16(b)(4).  In determining whether good cause exists to modify a scheduling order, a court should consider "the diligence of the party seeking the extension" and "whether the opposing party will suffer prejudice by virtue of the amendment." *Leary v. Daeschner*, 349 F.3d 888, 906 (6th Cir. 2003) (citing *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 625 (6th Cir. 2002)).

When a scheduling order deadline has passed, "a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary*, 349 F.3d at 909.  Factors for consideration in this analysis may include:  (1) the explanation for the failure to timely move for leave to amend; (2) the importance of

the amendment; (3) the potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure the prejudice.  3 MOORE'S FEDERAL PRACTICE ¶ 16.14[1][a] (3d ed. 2014).

In this case the Defendants are correct that the applicable standard to consider in whether to allow the proposed second amended complaint is that of "good cause" under Fed. R. Civ. P. 16(b).  This is because the discovery deadline passed and a dispositive motion was filed when the Plaintiff filed his motion for leave to amend the complaint.  As noted above, this analysis considers both the diligence of the moving party and the prejudice to the party opposing the amendment.

## II. DISCUSSION

### A.  Procedural Background and Position of the Parties

Troy York alleges he was confined to the Lucas County Work Release Program at the beginning of 2013.  His amended complaint (Doc. No. 3) contends beginning on January 31, 2013, he began experiencing obvious medical problems which were observed by the corrections officers monitoring the program.  Due to the alleged failures of the corrections officers and medical staff, York contends he suffered for four days before being taken to a hospital where he was diagnosed with a ruptured appendix and peritonitis.

On June 3, 2013, York filed his amended complaint in the Court of Common Pleas for Lucas County against Lucas County, Ohio and the Lucas County Board of Commissioners, Deborah Gasser, Director of the Lucas County Work Release Program, individually and in her official capacity, the Lucas County Court of Common Pleas, John and/or Jane Doe Nurses and Corrections Officers #1-15, and John and/or Jane Doe Policy Makers #16-30.  (Doc. No. 3).  The Defendants promptly removed this action from state court.  Just prior to the initial Case Management Conference, Defendants filed a motion to dismiss.

Following briefing on this motion, in February 2014, I dismissed all Defendants except for Deborah Gasser, in her individual capacity as to the claims under 42 U.S.C. § 1983, the fifteen

unnamed nurses and correction offers, and the fifteen unnamed policy makers.  (Doc. No. 11).  In addition, I held the Defendants' motion to dismiss in abeyance as to York's state law claims.  (*Id.*)

More briefing followed in the form of a motion for reconsideration and a motion for default by Plaintiff as well as a motion for leave to file an answer by the Defendants.   Also in the interim, I held a pretrial conference to establish deadlines for discovery and dispositive motions (Doc. No. 22), and issued rulings on the pending motions.  (Doc. Nos. 18 and 24).

At a status conference on July 29, 2014, counsel for both sides reported that multiple depositions had been taken with more contemplated, at least according to Plaintiff.  In late August, 2014, at Plaintiff's request, the discovery and dispositive motion deadlines were extended to October 2014.

Plaintiff expressed his desire to take on additional depositions on October 3, 2014, at a pretrial conference.   Defendants strenuously objected.  Following a brief hearing on this issue, the parties were directed to take the four additional depositions as quickly as possible.  (Doc. No. 36). The Defendants were granted thirty days from the last deposition to file their dispositive motion and on October 23, 2014, I again extended the dispositive motion deadline to November 21, 2014. (Doc. No. 37).

On November 3, 2014, the Defendants filed their motion for summary judgment on all claims.  Before his opposition to the dispositive motion was due, on November 16, 2014, Plaintiff filed a motion captioned, "Plaintiff York's motion with supporting memorandum for an order substituting the Defendant unnamed corrections officers and Defendant unnamed policymakers with the named corrections officers and named policy makers,"  which was docketed as a motion to amend the complaint.  (Doc. No. 43).  The Defendants' opposition to this amendment noted the proposed second amended complaint was not attached for review by the Court and the opposing party.  Therefore, on February 6, 2015, I directed Plaintiff to file his proposed second amended

complaint and allowed the Defendants additional time to supplement their opposition.  (Doc. No. 52).  Plaintiff filed his proposed second amended complaint on February 8, 2015 (Doc. No. 53) and both sides supplemented their responses to address the proposed second amended complaint.

The Defendants contend the Plaintiff cannot meet the "good cause" standard under Rule 16(b) because as early as March 2014, the names of the individuals who comprised the Doe Defendant corrections officers were provided to the Plaintiff.  The Defendants also note the proposed second amended complaint seeks to do more than substitute names for the Doe Defendants.  Plaintiff also seeks to add Donald Colby as a new party.   Colby's role in these events was clarified at his deposition in mid-September 2014 and his inclusion is characterized by the Defendants as futile.

The Defendants argue the addition of the named parties, formerly Doe Defendants, is also futile based upon the applicable statute of limitations and their inclusion does not relate back under Rule 15(c).

In contrast, the Plaintiff states he did not seek to file an amended complaint until he verified all of the appropriately named Defendants to be substituted for the Doe Defendants.  He also states that nothing in the proposed second amended complaint differs from the amended complaint in terms of allegations. Plaintiff notes the lack of prejudice on the part of the new proposed Defendants as they were aware of the original lawsuit and Defense counsel agreed to accept notice of the action on behalf of all the unnamed Defendants.

**B.  Good Cause**

While the case law affords the trial court wide discretion in making a good cause assessment, it is clear the main focus is on the diligence of the party seeking the extension.  *Andretti v. Boria Performance Industries, Inc.*, 426 F.3d 824, 830 (6th Cir. 2006).   To that end, Plaintiff states he did not seek leave to amend his complaint until "discovery verified all the appropriately named Defendants."

(Plaintiff's Reply at p. 2).   There is no dispute the names of corrections officers were provided to Plaintiff in response to Plaintiff's interrogatories by March 18, 2014, for the relevant period of time. Discovery ensued from June through October, 2014.   Arguably, Plaintiff was diligent in determining which of the specific corrections officers to name in the proposed second amended complaint rather than to take a shotgun approach and seek dismissal of unnecessary parties later.

Regarding the proposed addition of Colby, his deposition was taken on September 16, 2014, and Defendants challenge why, following his deposition, the Plaintiff did not seek to add him to this litigation.  The Defendants' argument raises a fair point.  *See e.g., Wray v. American United Life Ins. Co.*, 503 Fed. Appx. 377, 384 (6th Cir. 2012) *citing Wade v. Knoxville Utils. Bd.*, 259 F.3d 452, 459 (6th Cir. 2001) ("[w]hen amendment is sought at a late state in the litigation, there is an increased burden to show justification for failing to move earlier.").  (Citations omitted).

The Plaintiff charges Defendant Gasser's answers to his discovery requests were deliberately misleading.  Specifically, the answers by Gasser to interrogatory requests, dated March 17, 2014, stated the following objections:

> GENERAL OBJECTION NO. 4:  Defendant has not yet completed her investigation of the facts relating to this action and has not yet completed their preparation for trial.  The following answers and responses are based upon information presently known and are made without prejudice to its rights to utilize subsequently discovered facts, information, documents and any other form of relevant evidence.
>
> GENERAL OBJECTION NO. 6:  Plaintiff's amended complaint lists January 31, 2013, through February 4, 2014, a the dates of the defendants' culpable conduct.  Interrogatories seeking information beyond those dates is not reasonably calculated to lead to the discovery of discoverable information and given the number of employees, producing such information would be unduly burdensome.

(Doc. No. 45-3 at pp. 2-3).  In addition, Gasser's response to an inquiry regarding an investigation following the incident was as follows:  "Lucas County Work Release does not provide medical

treatment to its residents so there was no investigation regarding Troy York by any entity, state governmental agency or otherwise."

At her deposition on June 12, 2014, Gasser testified she had nothing in writing to indicate the Plaintiff was ill during the time in question and based upon the lack of documentation, her comment on the incident was that "it didn't happen."  (Doc. No. 39-1, p. 63).  In contrast, Don Colby testified that he had spoken to Gasser about the incident and she was aware the Plaintiff had complained to the officers on duty.  (Doc. No. 45-2 at pp. 32-40).

In light of the March 2014 discovery responses and subsequent deposition testimony, I cannot find the Plaintiff was less than diligent in pursuing the information being provided by the Defendants.  The time between the end of the discovery, October 21, 2014, and Plaintiff's motion to amend, November 16, 2014, is not significant.  *See e.g., Leary*, 349 F.3d at 907 (denying the amendment where plaintiff sought to amend almost two years after the discovery and dispositive motions had passed, including rulings on dispositive motions).  Therefore, I find the diligence requirement, in this instance, is met by Plaintiff.

Turning next to the issue of prejudice, any prejudice to Defendants was negated when the previously scheduled trial date was vacated.  In their reply to their summary judgment motion, the Defendants addressed the claims against Colby arguing for dismissal of all claims against him.   In light of a finding of good cause, I find no prejudice to the Defendants sufficient to deny Plaintiff's motion to amend.

I now turn to address the futility arguments raised by the Defendants to the proposed second amended complaint.

### C.  Proposed Defendant Donald Colby

As to the proposed addition of Colby, the Defendants first argue a claim against Colby, in his official capacity, is futile for the same reasons as similar claims were dismissed against Defendant Gasser.  In the memorandum opinion addressing the dismissal of claims against Defendant Gasser, I stated as follows:

> In "cases arising under § 1983 . . . a judgment against a public servant 'in his official capacity' imposes liability on the entity that he represents."  *Brandon v. Holt*, 469 U.S. 464, 471 (1985).  Here, the parties agree that Gasser is an agent of the Lucas County Work Release Program, and that program is operated by the Lucas County Court of Common Pleas.  (Docket No. 3, p. 3 and Docket No. 7, pp. 7–8).  Accordingly, a suit against Gasser in her official capacity is functionally equivalent to a suit against the Court of Common Pleas.  *Brandon*, 469 U.S. at 471; *see also Alkire v. Irving*, 330 F.3d 802, 810 (6th Cir. 2003) (holding that because individuals sued in their official capacities stand in the shoes of the entity they represent, the only true defendant is the government entity that employed the individual).
>
> For the aforementioned reasons, the Court of Common Pleas lacks capacity to be sued.  *See Malone*, 344 N.E.2d at 128; *Cleveland Mun. Court*, 296 N.E.2d at 546.  Further, a suit against the employees of the Court of Common Pleas in their official capacities is the functional equivalent to a suit against the court itself.  *See Brandon*, 469 U.S. at 471; *Alkire*, 330 F.3d at 810.  Therefore, because the Court of Common Pleas cannot be sued, York is also barred from suing its employees in their official capacities.

(Doc. No. 11 at p. 6).  In the proposed amended complaint, Colby is sued in his official capacity and has the same standing as Gasser, as he is an employee of the Lucas County Court of Common Pleas. Therefore an action against Colby, in his official capacity, is futile.

As to the proposed claims against Colby in his individual capacity, those are not as easily disposed of, as I determined in my previous opinion that claims asserted against Defendant Gasser, in her individual capacity,  were not subject to dismissal under Rule 12(b)(6).  (*Id.* at p. 7).

Defendants also contend the common law negligence claims are futile because of sovereign immunity under Ohio Rev. Code § 2744.02.  As stated in my discussion of these same claims, albeit as to Defendant Gasser, "[i]t would be premature to decide at this time whether I will exercise

8

supplemental jurisdiction over York's remaining state law claims.  Accordingly, I will hold in abeyance a ruling on the defendants' motion to dismiss York's state-law claims pending adjudication of York's remaining federal claims."  (*Id* at p. 11).   Therefore, the futility of the common law negligence claims are premature at this juncture.

### D.  Substitution of Doe Defendants

The parties spend a great deal of time discussing appealability of Rule 15(c ) regarding substitution of the Doe Defendants.  In this instance, however, the applicable rule for consideration is Rule 15(a)(2).  This is because "[o]nce the statute of limitations has run on the underlying claim, a litigant seeking to add a party must satisfy the requirements of Rule 15(c ), which governs the relation back of amendments."  3 MOORE'S FEDERAL PRACTICE ¶ 15.11[1] (3d ed. 2014).

Here, the operative events at issue concluded on February 4, 2013.  In a civil rights action under § 1983, the general applicable state statute of limitations controls in a personal injury action for claims in Ohio.  *Wallace v. Kato*, 549 U.S. 384, 387 (2007). Under Ohio Rev. Code § 2305.10, the applicable statute of limitations is two years.  Therefore, Plaintiff would have had until February 4, 2015 to amend his complaint.  However, the Plaintiff sought leave to amend over two months before that deadline.  Therefore, consideration of his motion is appropriate under Rule 15(a)(2).

As the Plaintiff sought a timely motion to amend prior to the statute of limitations deadline and because the good cause standard has been met, I will grant his motion to amend the complaint.

### CONCLUSION

For the reasons stated above, Plaintiff's motion to amend the complaint (Doc. No. 43) is granted insofar as he can substitute named Defendants for the Doe Defendants and may add Donald Colby as a party Defendant in his individual capacity.  However, Plaintiff's motion to amend (Doc. No. 43) is denied as to the addition of Donald Colby as a Defendant in his official capacity.

I will hold a further status conference on June 3, 2015 at 2:00 p.m.

So Ordered.

                                                 s/ Jeffrey J. Helmick
                                                 United States District Judge